MR. JUSTICE KELLEY
delivered the opinion of the Court.
We granted a petition for rehearing to reconsider a prior order announced September 27, 1976, discharging the rule to show cause, and to consider the question of whether the petitioner, an adjudicated delinquent, *196 may collaterally attack a prior adjudication of delinquency upon the assertion that the adjudication proceeding was constitutionally infirm. Petitioner and respondents were granted additional briefing time. Petitioner elected to stand on the brief in support of his petition. The respondents entered an appearance but waived the filing of any pleading or brief. We hold that, under the facts of this case, a collateral attack is proper and has merit. Therefore, we make the rule absolute.
The petitioner, in a prior proceeding was adjudicated a delinquent on October 4, 1973. He was fourteen years of age at the time. The record of that proceeding shows that the petitioner, who did not have counsel, was adjudged a delinquent based upon the testimony of Howard Bishop, a deputy sheriff. At the conclusion of Bishop’s testimony, no opportunity was given the petitioner to cross-examine him. The respondents then interrogated the petitioner’s mother. After the court had completed its examination of the mother, the petitioner was adjudged a delinquent, the court holding that proof by “clear and convincing” evidence had been adduced.
The district attorney filed a direct information against the petitioner on October 30, 1975, charging him with various felonies based upon section 19-1-104(4)(b), C.R.S. 1973.[1] That section allows criminal charges to be filed directly in district court without the necessity of a transfer hearing if the child has been adjudicated a delinquent within the previous two years. The petitioner moved to dismiss the information for lack of jurisdiction. The respondent court denied the motion and this proceeding ensued. The petitioner, as grounds for relief, asserts that:
“The delinquency adjudication in case number J-16-73 is void due to the following errors and irregularities of law which constitute a denial of due process to Defendant, D.W.”
“(a) The Court based its adjudication upon a finding that the evidence was ‘clear and convincing’ as opposed to ‘beyond a reasonable doubt’ as then required by law.
“(b) D.W. was not represented by counsel nor afforded the opportunity to obtain counsel.
*197 “(c) The Court below allowed the introduction of statements and admissions as a result of interrogation of the child by a law enforcement official even though an attorney or parent of the child was not present at the time of interrogation as admitted by the police officer in the hearing. This is in direct violation of Rule 18 C.R.J.P., and the Juvenile Code, C.R.S. 22-2-102(2)(c) (1963).
“(d) The child and his parents were neither advised nor afforded any opportunity to cross-examine the police officer witness.
“(e) The child and his parents were not advised of their right to move for a new trial and appeal. This advisement was specifically required by the Juvenile Code C.R.S. 1963, 22-1-106(2) (as amended 1967).”
The situation here is analogous to that in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), where the United States Supreme Court held that a prior conviction obtained in violation of the right to counsel could not be used to support guilt or enhance punishment for a subsequent offense. That was a collateral attack on the prior conviction. On the strength of Burgett, we hold that the petitioner rightfully challenges the validity of the prior conviction in this proceeding.
I.
The challenge by the petitioner of the Validity of the 1973 adjudication of delinquency on the ground that the standard of proof used by the court was invalid is well taken. Due process and fair treatment require proof beyond a reasonable doubt during the adjudicatory stage when a juvenile is charged with an act which would constitute a crime if committed by an adult. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) and cases cited therein. Also, this standard is embodied in the Children’s Code at section 19-3-106(1), C.R.S. 1973 (1976 Supp.).[2] See also C.R.J.P. 17, C.R.S. 1973.[3]
II.
As noted above, petitioner also contends that the 1973 adjudicatory proceedings were fatally defective because the court failed to advise him or his parents of their right to counsel and the opportunity to obtain counsel.
Rule 8, Colorado Rules of Juvenile Procedure, provides:
“At his first appearance before the court, the child, his parents, guardian, or other legal custodian shall be fully advised by the court of their constitutional and legal rights including the right to a jury trial as provided in section 19-1-106(4), C.R.S. 1973, and the right to be represented by counsel at every stage of the proceedings.”
*198 The landmark case of Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), held that the due process clause of the fourteenth amendment requires that in respect to proceedings to determine delinquency which may result in commitment to an institution in which the juvenile’s freedom is curtailed, the child and his parents must be notified of the child’s right to be represented by counsel. If the parents are unable to afford their own counsel, counsel must be appointed to represent the child.
The respondent court overlooked Rule 17(d), Colorado Rules of Juvenile Procedure, in admitting into evidence statements and admissions of the petitioner obtained by interrogation by a law enforcement officer in the absence of the child’s parent or his attorney. Section 19-2-102(3) (c)(1) also forbids what was done here. In addition, the admission of this evidence was in 'violation of the due process requirements enunciated in Application of Gault, supra.
III.
Likewise, the failure of the court to either advise or afford any opportunity to the child or his parents to cross-examine the officer constituted error. The sixth amendment to the United States Constitution and the Colorado Constitution grant the right to confront witnesses, Art. II, Sec. 16. This translates into the right of cross-examination. Application of Gault, supra; Simms v. People, 174 Colo. 85, 482 P.2d 974 (1971).
IV.
The last point raised by the petitioner relates to the failure to advise the child and his parents of their right to move for a new trial which, if denied, they have the right to appeal. This is statutorily required where the child and his parents are not represented by counsel. Section 19-1-106(2), C.R.S. 1973.
In view of the several violations of the procedures required by the Constitution, statutes, and the court rules, the prior adjudication of delinquency is invalid. The respondent district court, therefore, lacks jurisdiction under section 19-1 -104(4)(b)(II), C.R.S. 1973, to entertain the current criminal proceeding against the petitioner.
We now make the rule absolute.

 “A child may be charged with the commission of a felony only after the hearing as provided in paragraph (a) of this subsection (4), or when the child is:
“(I) Alleged to have committed a crime of violence defined by section 18-1 -105, C.R.S. 1973, as a class l felony, and is fourteen years of age or older; or
“(II) Alleged to have committed a crime defined by section 18-1-105, C.R.S. 1973, as a class 2 or a class 3 felony, or a nonclassified felony punishable by a maximum punishment of life imprisonment or death, except those felonies defined by sections 18-3-401(l)(d) and l8-3-403(l)(d), C.R.S. 1973, and is sixteen years of age or older, and the child has been adjudicated a delinquent child within the previous two years and the act for which the child was adjudicated a delinquent would have constituted a felony if committed by an adult; or
“(III) Alleged to have committed any felony subsequent to any other felony which is the subject of proceedings under section 19-3-108 resulting in waiver of jurisdiction by any juvenile court in this state.”

 Formerly, 1969 Perm. Supp., C.R.S. 1963, 22-3-6.

 This court adopted new rules of juvenile procedure which became effective on August 1, 1975. Since we are concerned with the rules prior to that date, all references to the rules in this opinion will be to the original numbers.