The PEOPLE of the State of Colorado, Petitioner-Appellee,

v.

M. A. W., Minor Child-Appellant,

and concerning J. G. W., P. D. W., and Jefferson County Department of Social Services, Respondents.

No. 81CA0447.

Colorado Court of Appeals.

May 27, 1982.

Rehearing Denied June 24, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Nathan B. Coats, Asst. Atty. Gen., for petitioner-appellee.

J. Gregory Walta, Colorado State Public Defender, Susan L. Fralick, Deputy State Public Defender, for minor child-appellant.

KIRSHBAUM, Judge.

M. A. W., a minor child, appeals the trial court's judgment declaring him to be a repeat juvenile offender pursuant to § 19–3–113.1, C.R.S.1973 (1978 Repl. Vol. 8). We reverse.

On May 27, 1980, a petition in delinquency was filed against M. A. W. The petition alleged, *inter alia,* that M. A. W. was a repeat juvenile offender, based upon two 1979 delinquency adjudications. In December 1980, M. A. W. was adjudicated a delinquent child.

Prior to the commencement of the dispositional hearing, M. A. W. filed a motion to dismiss the repeat juvenile offender counts in the petition. The motion alleged that the 1979 adjudications were based upon admissions by M. A. W. which were not entered "knowingly, voluntarily or intelligently," and that M. A. W. "was not properly advised of the elements of the offense or of the rights he would be waiving by the entry of the pleas." The trial court denied the motion, determined that M. A. W. was a repeat offender, and committed him to the custody of the Department of Institutions for a period of one year.

M. A. W. contends that the trial court erred in denying his motion to dismiss the repeat juvenile offender counts. We agree.

The dispositional statute respecting repeat juvenile offenders in effect at the time of M. A. W.'s dispositional hearing, § 19–3–113.1, C.R.S.1973 (1978 Repl. Vol. 8), provided, in pertinent part, as follows:

"(2)(a) The court may sentence a repeat juvenile offender pursuant to section 19–3–113(1)(d) or may commit a repeat juvenile offender . . . to the department of institutions. A repeat juvenile offend-er . . . thus committed shall not be transferred from the institution or facility to which he is committed for a period of more than forty-eight hours, excluding Saturdays, Sundays, and court holidays, nor released before the expiration of the minimum term imposed by the court without the prior written approval of the court which made the commitment.

(b) When a child who has been adjudicated a delinquent child twice . . . subsequently is adjudicated a delinquent child or has probation revoked for an act which would constitute a crime if committed by an adult, the child shall be placed or committed out of the home for not less than one year; except that the child may be released by the committing judge upon a showing of exemplary behavior."

Section 19–3–113(1)(d), C.R.S.1973 (1978 Repl. Vol. 8), authorizes the sentencing of a person to the county jail if the person is eighteen years of age or over on the date of the dispositional hearing and the act resulting in the adjudication of delinquency was committed prior to the person's eighteenth birthday.

■ M. A. W. argues that in both prior adjudications the referee accepting his admissions failed to advise M. A. W. of the nature and elements of the offenses involved and, therefore, failed to follow the dictates of C.R.J.P. 3 and *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). He contends that because of these failures, he may not be adjudicated a repeat offender. We agree.

C.R.J.P. 3, in pertinent part, provided as follows at the time of the 1979 hearings:

"(a) At their first appearance before the court, the child and his parents, guardian, or other legal custodian shall be fully advised by the court, and the court shall make certain that they understand the following:

(1) The nature of the allegations contained in the petition;

(2) Their right to counsel and if they are indigent they will be assigned counsel, as provided by law;

(3) That the child need make no statement, and any statement made may be used against him;

(4) Their right to a jury trial as provided by law;

(5) That any admission the child makes must be voluntary on his part and not the result of undue influence or coercion on the part of anyone;

(6) The dispositional alternatives available to the court if the petition is proven or admitted;

. . . .

(c) If the child admits the allegations of the petition, the court shall not accept the admission without first determining that the child is advised of all the matters set forth in section (a) of this Rule and also determines that:

(1) The child understands the nature of the delinquent act alleged and the elements of the offense to which he is admitting and the effect of his admission;

(2) The admission is voluntary on the child's part and is not the result of undue influence or coercion on the part of anyone;

(3) The child understands the right to trial by jury, as provided by law;

(4) The child understands the possible dispositional alternatives available to the court;

(5) The child understands that the court will not be bound by representations made to the child by anyone concerning the dispositional alternatives selected;

(6) There is a factual basis for the admission. If the admission is entered as a result of plea agreement, the court shall explain to the child, and satisfy itself that the child understands the basis for the plea agreement, and the child may then waive the establishment of a factual basis for the particular charge to which he is admitting."

The People concede that the requirements of C.R.J.P. 3 were not complied with in the two adjudications. The People also agree that an admission must be voluntary and knowing to be effective. The People contend, however, that M. A. W. should not be permitted to attack his prior adjudications collaterally because to do so would defeat the policy of the Children's Code to encourage dispositions in repeat offender cases. Such contention is without merit.

■■ The due process clause of the Fourteenth Amendment prohibits subsequent reliance upon involuntary and uninformed guilty pleas in state court adult criminal proceedings. *Boykin v. Alabama, supra; see People v. Roybal,* Colo., 617 P.2d 800 (1980). Colorado's constitution contains similar guarantees, *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971), and Crim.P. 11 prescribes procedures to assure that these constitutional requirements are met before a plea of guilty is accepted. *People v. Roybal, supra.* Without an affirmative showing of compliance with the mandatory provisions of Crim.P. 11, a plea of guilty cannot be accepted, and any judgment and sentence which is entered following the plea is void. *People v. Randolph, supra; see People v. Meyers,* Colo., 617 P.2d 808 (1980). Consequently, a conviction based upon a guilty plea obtained in the absence of compliance with Crim.P. 11's safeguards cannot be used for the purpose of enhancing punishment in a subsequent habitual offender proceeding. *People v. Roybal,* Colo., 618 P.2d 1121 (1980); *People v. Gonzales,* 38 Colo.App. 522, 565 P.2d 945 (1977).

■■ The due process clause of the Fourteenth Amendment is applicable in proceedings focusing on the determination of whether a juvenile is a delinquent. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *see S. A. S. v. District Court,* Colo., 623 P.2d 58 (1981). Moreover, in *D. W. v. District Court,* 193 Colo. 194, 564 P.2d 949 (1977), our Supreme Court held that a collateral attack upon a prior juvenile adjudication is proper when such adjudication failed to respect the child's constitutional rights and when such adjudication is used to support the direct filing of adult criminal charges

against the child pursuant to § 19–1–104(4)(b)(II), C.R.S.1973. *See also People in the Interest of C. B.,* 196 Colo. 362, 585 P.2d 281 (1978).

We conclude that juveniles, no less than adults, are entitled to rely upon the guarantee of fundamental fairness inherent in the due process clauses of the federal and Colorado constitutions when asked to admit the commission of criminal acts. The failure of the referee in the two prior hearings to comply with the mandates of C.R.J.P. 3 constituted a deprivation of M. A. W.'s constitutionally protected rights to due process of law. Any policy of encouraging dispositions in juvenile matters must be qualified by the recognition that unconstitutional dispositions are void. Therefore, they cannot form the basis of subsequent enhanced punishment proceedings. *See In re Appeal No. 544,* 25 Md.App. 26, 332 A.2d 680 (1975); *State ex rel. Juvenile Department v. Welch,* 12 Or.App. 400, 501 P.2d 991 (1972), *modified,* 12 Or.App. 400, 507 P.2d 401 (1973); *In re Welfare of Bryan,* 24 Wash.App. 426, 601 P.2d 969 (1979). *Compare In re Michael M.,* 11 Cal.App.3d 297, 89 Cal.Rptr. 718 (1970) *and In re Mary H. B.,* 20 Cal.App.3d 816, 98 Cal.Rptr. 178 (1971) *with In re Ronald E.,* 19 Cal.3d 315, 592 P.2d 684, 137 Cal.Rptr. 781 (1977).

The People also contend that the classification of M. A. W. as a repeat offender does not result in "enhanced" sentencing sanctions and that, therefore, he should not be permitted to attack collaterally his prior adjudications. We disagree.

Classification as a repeat offender subjects a juvenile to more punitive sentencing alternatives than could be imposed in the absence of such classification. Section 19–3–113.1, C.R.S.1973 (1978 Repl. Vol. 8) precludes the granting of probation or continued family placement to repeat juvenile offenders. Such are available for juveniles not declared repeat offenders. Sections 19–3–112 and 19–3–113, C.R.S.1973 (1978 Repl. Vol. 8). Thus, a repeat offender ruling results in the imposition of more harsh, or enhanced, dispositional alternatives under the Children's Code. *See Herrmann v. District Court,* 186 Colo. 350, 527 P.2d 1168 (1974).

For the foregoing reasons, we conclude that M. A. W.'s two earlier adjudications cannot form the basis for his adjudication as a repeat offender. Hence, the judgment is reversed and the cause is remanded for appropriate sentencing.

STERNBERG and TURSI, JJ., concur.