The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

In the Interest of J.J.H., Defendant–Appellant.

No. 97CA1421.

Colorado Court of Appeals, Div. I.

Jan. 21, 1999.

Rehearing Denied May 20, 1999.

Certiorari Granted Jan. 24, 2000.*

---

\* Justice Scott would grant as to the following issue: Whether the trial court erred in foreclosing the juvenile's opportunity to demand a jury trial pursuant to § 19-2-501, 8B C.R.S. (1996 Supp.).

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Kathryn Bennett Allen, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge METZGER.

J.J.H. (juvenile) appeals the judgment of delinquency entered after a trial to the court finding him guilty of conduct that would constitute two counts of second degree burglary and one count of theft if committed by an adult. He also appeals the enhanced sentence imposed under the mandatory sentence offender statute, § 19–2–516(1), C.R.S.1998. We affirm the judgment of delinquency, vacate the sentence, and remand the cause for a new sentencing hearing.

I.

■ The juvenile first contends the trial court denied him his statutory right to a jury trial. More specifically, he argues that the trial court erred in applying § 19–2–107, C.R.S.1998 (which applies to offenses committed after January 1, 1997), instead of Colo. Sess. Laws 1987, ch. 138, § 19–2–501. We agree that § 19–2–107 does not apply to this case, but conclude that the juvenile waived his statutory right to a jury trial.

The offenses here were committed in December 1996. Hence, Colo. Sess. Laws 1987, ch. 138, § 19–2–501 at 726–27, applied.

That statute provided in relevant part:

(1) The juvenile or the district attorney may demand a trial by a jury of not more than six persons....

. . . .

(3) Unless a jury is demanded pursuant to subsection (1) of this section, it shall be deemed waived.

Here, there is no indication in the record that the juvenile demanded a jury trial at any time. Nor does he argue on appeal that he demanded a jury trial.

Rather, he argues that he was foreclosed from demanding a jury trial because the court applied § 19–2–107 rather than § 19–2–501. However, the juvenile had the opportunity at a pretrial hearing to make his position known regarding the applicable statutory provision, but he did not do so. Hence, under the record before us, we conclude that the juvenile waived his statutory right to a jury trial.

## II.

■ The juvenile also argues the evidence was insufficient to support a finding that he was a mandatory sentence offender. We agree.

Section 19–2–516(1), C.R.S.1998, provides in relevant part:

A juvenile is a mandatory sentence offender if he or she:

(a)(I) Has been *adjudicated* a juvenile delinquent twice . . .

and

(b)(I) Is subsequently *adjudicated* a juvenile delinquent . . . . (emphasis added)

Section 19–2–908, C.R.S.1998, provides in relevant part:

(1) The court shall sentence a juvenile *adjudicated* as a special offender as follows:

(a) **Mandatory sentence offender.** The court shall place or commit any juvenile *adjudicated* as a mandatory sentence offender, as described in section 19–2–516(1), out of the home for not less than one year, unless the court finds that an alternative sentence or a commitment of less than one year out of the home would be more appropriate; except that:

(I) If the person *adjudicated* as a mandatory sentence offender is eighteen years of age or older on the date of the sentencing hearing, the court may sentence that person to the county jail or to a community correctional facility or program for a period not to exceed two years, if such person has been *adjudicated* a mandatory sentence offender pursuant to this article for acts committed prior to such person's eighteenth birthday . . . . (emphasis added)

■ Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *Charnes v. Boom,* 766 P.2d 665 (Colo.1988). To discern legislative intent, a court should look first to the statutory language. *People v. Warner,* 801 P.2d 1187 (Colo.1990). Statutory words and phrases should be given effect according to their plain and ordinary meaning. And, the statute must be read and considered as a whole. *People v. District Court,* 713 P.2d 918 (Colo.1986).

The Children's Code defines "adjudication" as a determination by the court that it has been proven beyond a reasonable doubt to the trier of fact that the juvenile has committed a delinquent act or that the juvenile has pled guilty to committing a delinquent act. In addition, when a previous conviction must be *pled and proven* as an element of an offense or for purposes of sentence enhancement, "adjudication" means conviction. Section 19–1–103(2), C.R.S.1998.

■ Giving effect to the plain and ordinary meaning of the words and phrases contained in the statute, we conclude that the General Assembly intended that, before a juvenile can be sentenced pursuant to § 19–2–908, he or she must first be adjudicated as a special offender, *i.e.,* as a mandatory sentence offender. To obtain adjudication of a juvenile as a special offender, the prosecutor must plead and prove the previous adjudications beyond a reasonable doubt to the trier of fact. Section 19–1–103(2). Hence, the statute requires there to be an adjudication as a mandatory sentence offender.

We find support for our conclusion in a similar provision of the criminal code. Section 16–13–101(1.5), C.R.S.1998, provides that every person convicted in this state of any class 1, 2, 3, 4, or 5 felony who, within 10 years of the date of the commission of that offense, has been twice previously convicted of a felony shall be adjudged an habitual criminal and shall be punished for the felony offense of which such person is convicted by confinement in a correctional facility for a term of three times the maximum of the presumptive range pursuant to § 18–1–105, C.R.S.1998, for the class of felony of which such person is convicted. Hence, § 16–13–

101(1.5) similarly requires that a defendant must be adjudged as an habitual criminal before an enhanced sentence can be imposed.

Here, the juvenile was not adjudicated as a mandatory sentence offender before sentence was imposed. His previous delinquency adjudications were pled but not proven.

Count V of the petition states that, in 1993, the juvenile pled guilty to criminal mischief and third degree criminal trespass and was adjudicated a delinquent and that, in 1994, the juvenile pled guilty to possession of an illegal weapon and theft and was adjudicated a delinquent. However, at trial the prosecutor did not submit any documentation or testimony to establish that the juvenile had been twice previously adjudicated a juvenile delinquent.

In addition, the trial court made no findings at the end of the trial that the juvenile had been twice previously adjudicated a delinquent. Furthermore, the mittimus does not contain any notation that the juvenile was adjudicated a mandatory sentence offender.

Therefore, the record before us contains insufficient evidence to establish that the juvenile has been twice previously adjudicated a juvenile delinquent and is, hence, a mandatory sentence offender.

Furthermore, because jeopardy has already attached, he cannot be retried. *See People v. Jackson*, 972 P.2d 698 (Colo.App. 1998) (jeopardy attaches when defendant has been indicted and informed against and has pled not guilty and the trial proceeds before a court with competent jurisdiction or a jury has been impaneled and sworn).

We disagree with the People's contention that any error is harmless. The due process clause of the Fourteenth Amendment is applicable to delinquency proceedings. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Accordingly, the juvenile should have had the opportunity to challenge his previous adjudications before they were used to enhance his punishment. *See People v. M.A.W.*, 651 P.2d 433 (Colo.App. 1982).

Because the juvenile has not been adjudicated a mandatory sentence offender, the sentence imposed pursuant to § 19–2–908 cannot stand.

The judgment of delinquency is affirmed, the sentence is vacated, and the cause is remanded for a new sentencing hearing.

Judge PLANK and Judge ROTHENBERG concur.