## IN RE: DAVID D.

[No. 701, September Term, 1981.]

*Decided March 2, 1982.*

The cause was submitted on brief to MOORE, LISS and WEANT, JJ.

Submitted by *Maureen O'Ferrall Gardner, Assistant Attorney General, Stephen H. Sachs, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Perry J. Becker, Assistant State's Attorney for Prince George's County,* for appellant.

No brief filed for appellee.

WEANT, J., delivered the opinion of the Court.

David D., the appellee, was charged in juvenile petition 449-81 with tampering with a motor vehicle, damaging a motor vehicle, and destruction of property. At a hearing on 22 May 1981 the petition was dismissed for lack of jurisdiction in the Circuit Court for Prince George's County, sitting as a juvenile court. The State of Maryland filed a timely appeal to this Court.

On appeal the state asks a single question:

Whether the complainant in a juvenile action is entitled to rely on the mailing presumption of Maryland Rule 306 (c) (3) when filing an appeal pursuant to Courts Article, § 3-810 (h) (1) once the juvenile intake officer denies authorization to file the petition?

Appellee was charged on 11 December 1980. The Juvenile Services Administration received the case on 14 January 1981, and declined to file a petition against appellee at the intake level. On 22 January 1981 notice that the intake officer would not prosecute was mailed to the concerned parties and this notice presumably was received on 23 January 1981. The arresting officer, Craig James Hickerson, decided to appeal the decision not to prosecute to the state's attorney's office; he signed the necessary form on 4 February 1981, and mailed it on 4 or 5 February 1981. The state's attorney's office received the form on 9 February 1981.

The trial court dismissed the petition for non-compliance with Cts. & Jud. Proc. Code Ann. § 3-810 (h) (1), which requires that the state's attorney's office receive notice of appeal within 15 days after the mailing of the intake officer's decision. The court held that Maryland Rule 306 did not apply. We disagree with that decision.

Since juvenile proceedings are civil, *In Re: Appeal No. 544,* 25 Md. App. 26, 29, 332 A.2d 680, 682, *cert. denied,* 275 Md. 751 (1975), the Maryland Rules of Procedure regarding civil cases apply to juvenile proceedings, *see In Re: Appeal No. 769,* 25 Md. App. 565, 570, 335 A.2d 204, 208, *cert. denied,* 275 Md. 751 (1975). Maryland Rule 306 provides:

c. Method of Service — On Attorney — On Party.

3. Presumptions in case of service by mail.

Service by mail shall be considered as having been made one day after the day of mailing, if in the same city or county, and one day additional for each

500 [1] miles or fraction thereof between the place of mailing and the place of address. [Footnote added.]

We hold that the statutory mailing presumption Rule 306 (c) (3) is applicable to juvenile proceedings.

Officer Hickerson mailed from Bladensburg the notice of appeal form on February 4th or 5th. He was entitled to rely on the one day mailing presumption,[2] which means the notice was presumed to arrive in the state's attorney's office in Upper Marlboro on February 5th or 6th, the 14th or 15th day after the intake officer's decision. We find that Officer Hickerson complied with Cts. & Jud. Proc. Code Ann. § 3-810 (h) (1) and that therefore the trial court should not have dismissed the action. We are constrained to reverse the judgment of the Circuit Court for Prince George's County and to return the instant case to that court for trial.

*Judgment reversed and remanded for trial.*
*Costs to be paid by the appellee.*

---

1. In this case the distance in question is approximately fifteen miles.
2. It may be that the one day presumption is no longer realistic in light of the delays presently experienced in our mail delivery. Nonetheless, Rule 306 still reflects more efficient days.