# IN RE: CHRISTINE L.

[No. 1193, September Term, 1982.]

*Decided May 5, 1983.*

The cause was submitted on briefs to LOWE, GARRITY and ALPERT, JJ.

Submitted by *Michael R. Malloy, Assistant Public Defender* and *Alan H. Murrell, Public Defender,* for appellant.

Submitted by *James P. Casey, Assistant Attorney General, Stephen H. Sachs, Attorney General, Lawrence A. Dorsey, Jr., State's Attorney for Frederick County* and *Kenneth Hamilton Taylor, Assistant State's Attorney for Frederick County,* for appellee.

ALPERT, J., delivered the opinion of the Court.

Christine L., the appellant, learned the hard way that the combination of consuming alcohol and attempting to drive an automobile are not compatible. On appeal, she claims that the State took too long to teach her this lesson and that the Court's finding that she was delinquent must fall.

On November 12, 1981 at about 11:30 p.m. a police officer found the appellant, age 16, asleep while sitting in the driver's seat of a car with its engine running on the side of a road in Frederick County. The appellant was awakened by the policeman, who observed that she had bloodshot eyes, an odor of alcohol, was unsteady on her feet, spoke incoherently, and was believed to be intoxicated. Additionally, empty malt liquor bottles were observed in the back seat of the car. Twice during this incident, appellant unsuccessfully attempted to place the car into gear and drive it away. Another policeman was called to the scene and upon his arrival appellant was arrested. When the car was retrieved by appellant's parents, it was not operable.

On November 25, 1981 the Juvenile Services Administration received a referral letter dated November 19, 1981, from the Office of the State's Attorney in the nature of a complaint in this case, along with a copy of the police report which had been filed. There was testimony that within fifteen days of the receipt of this letter, on an unknown date,

a preliminary inquiry was made by an agent of the Juvenile Services Administration. A further investigation into the case was conducted and on December 18, 1981 an intake conference was held with appellant and her parents. Three days later, on December 21, 1981 the Juvenile Services Administration requested, by way of a letter back to the State's Attorney's Office, that a juvenile petition be filed against the appellant. Such a petition was, in fact, filed on January 4, 1982, charging the appellant with violations of Sections 21-902 (a) and 21-902 (b) of the Transportation Article of the Maryland Code. At an adjudicatory hearing held January 20, 1982 by the Circuit Court for Frederick County, sitting as a Juvenile Court (Wenner, J.) appellant was found to have violated § 21-902 (a) of the Transportation Article and adjudged to be delinquent. On March 9, 1982 at appellant's disposition hearing, she was placed on probation, released to the custody of her parents and required to attend a DWI clinic. An appeal was filed and the following two assignments of error are placed before us.

1. The Juvenile Court erred by denying appellant's motion to dismiss and motion for reconsideration which alleged that the intake officer had not conducted the preliminary inquiry and had not referred the case to the State's Attorney for the filing of a juvenile petition within the time period required by Courts Article § 3-810 (b) and (d); and

2. The lower court erred by denying appellant's motion to dismiss because of insufficiency of evidence.

Perceiving no error, we shall affirm.

I. *Timeliness In Bringing The Action*

Appellant contends that under the circumstances of this case, Md. Cts. & Jud. Proc. Code Ann. § 3-810 (b) and (d) are applicable to the initial stages of these proceedings and that the 15 and 10 day respective time constraints contained

therein were not followed. She further contends that since these time constraints are mandatory, the instant proceedings should have been dismissed by the trial court. An appropriate objection was made at the adjudicatory hearing and also by way of a motion to reconsider. In resolving this question, we must look to the words of the controlling statutes. In relevant part, Md. Cts. & Jud. Proc. Code Ann. § 3-810 (1980 Repl. Vol.) provides that:

(b)(1) Except as otherwise provided in this subsection, in considering the complaint, the intake officer shall make a preliminary inquiry within 15 days as to whether the court has jurisdiction and whether judicial action is in the best interests of the public or the child. He may, after such inquiry and in accordance with this section, (i) authorize the filing of a petition, (ii) conduct a further investigation into the allegations of the complaint, (iii) propose an informal adjustment of the matter, or (iv) refuse authorization to file a petition.

\* \* \*

(4) The State's attorney shall make a preliminary review as to whether the court has jurisdiction and whether judicial action is in the best interests of the public or the child. The need for restitution may be considered as one factor in the public interest. After the preliminary review the State's attorney shall within 30 days of the receipt of the complaint by the State's attorney, unless the court extends the time:

(i) File a petition;
(ii) Seek a waiver under § 3-817 of this article;
(iii) Refer the complaint to the Juvenile Services Administration for informal disposition; or
(iv) Dimiss the complaint.

\* \* \*

(d) The intake officer may conduct a further investigation if he concludes based upon the complaint

and his preliminary inquiry, that further inquiry is necessary in order to determine whether the court has jurisdiction or whether judicial action is in the best interests of the public or the child. The further investigation shall be completed and a decision made by the intake officer within 10 days, unless that time is extended by the court.

\* \* \*

(j)· If the complaint alleges that a minor 16 years of age or older has committed an act in violation of any provision of the Maryland Vehicle Law or other traffic law or ordinance under the jurisdiction of the juvenile court, the complaint shall be filed directly with the State's attorney of the jurisdiction in which the alleged violation occurred. If the State's attorney elects to proceed with the case, he may prepare a petition for filing with the court of proper jurisdiction.

Further, § 3-812 (b) provides:

(b) Petitions alleging delinquency or violation of § 3-831 shall be prepared and filed by the State's attorney. A petition alleging delinquency shall be filed within 30 days after the receipt of a referral from the intake officer. All other petitions shall be prepared and filed by the intake officer.

We hold that there was compliance with the statutory time requirements in the instant case. Although appellant and appellee differ over the applicability of § 3-810 (j) to the case *sub judice,* we believe that subsection to be fully applicable in that the complaint alleged that Christine L., a minor, had violated certain motor vehicle laws. Jurisdiction in this case was conferred upon the juvenile court pursuant to Md. Cts. & Jud. Proc. Code Ann. § 3-804 (d) (2) which provides:

(d) The court does not have jurisdiction over:

\* \* \*

(2) A child 16 years old or older alleged to have done an act in violation of any provision of the Transportation Article or other traffic law or ordinance *except an act that prescribes a penalty of incarceration.* (Emphasis supplied).

Having been charged with violating Md. Trans. Code Ann. § 21-902, which permits the imposition of a sentence of incarceration, the case was properly before the juvenile court. Therefore, the case was to proceed initially under Cts. & Jud. Proc. § 3-810 (j) and not sections (b) and (d).

The appellant and appellee differ on the question of whether this provision requires the State's Attorney either to drop the charges or formally prosecute her by filing a juvenile petition within the time frames of subsections (b) and (d). We hold that subsection (j) gives the State an *option* to proceed with the case, *i.e.,* "If the State's Attorney elects to proceed with the case. . ." Accordingly, the State is neither obligated to file a juvenile petition nor even obligated to proceed at all. Thus, if the State's Attorney believes that the intake officer might consider an alternative to prosecution short of dismissal, we believe that § 3-810 (j) would not be offended by referral to the intake officer. The various portions of § 3-810 must be read in *pari materia* in order to reconcile apparently conflicting provisions of the same statute so as to give effect to both. *Mayor and City Council of Baltimore v. Biermann,* 187 Md. 514, 522, 50 A.2d 804 (1946). There is no reason why the State's Attorney should have less time and discretion under subsection (j) cases than under the other subsections of § 3-810. This is particularly true in light of one of the stated purposes of the juvenile laws "To provide for the care, protection, and wholesome mental and physical development of children coming within the provisions of this subtitle; and *to provide for a program of treatment, training, and rehabilitation consistent with the child's best interests and the protection of the public interest."* (emphasis supplied). Md. Cts. & Jud. Proc. Code Ann. § 3-802 (a) (1) (1980 Repl. Vol.). The November 19, 1981 letter from the

State's Attorney to the Juvenile Services Administration satisfied the State's obligation under § 3-810 (j). Having satisfied this subsection, the case then went on to properly proceed under the time constraints imposed by subsections (b) and (d).

Although appellant would seek to start the 15-day requirement of § 3-810 (b) on November 12, 1981, the date of the occurrence, we believe that this statutory provision was triggered on November 25, 1981, the day that the Juvenile Services Administration received the complaint from the State's Attorney's Office. The fifteen day provision of § 3-810 (b) began to run on the date that the complaint was received. This conclusion is logical in light of § 3-810 (a) which provides that "Any person or agency having knowledge of facts which may cause a person to be subject to the jurisdiction of the court may file a complaint with the intake officer of the court having proper venue." A reading of § 3-810 (a) in conjunction with § 3-810 (b) makes clear that the preliminary inquiry shall be conducted within fifteen days after the receipt of the complaint. There is an unexplained delay between the date of the letter (November 19, 1981) and the date of its receipt by the Juvenile Services Administration (November 25, 1981). However, we believe that under these circumstances, the date of receipt of the complaint, and not the Rule 306 presumption of next day mail delivery, is applicable and controlling. While we recently held that the statutory mailing presumption of Rule 306(c) relating to service by mail was applicable to juvenile proceedings, *In Re David D.,* 51 Md. App. 71, 73, 442 A.2d 190 (1982), that precedent is not controlling under the facts of the instant appeal. Initially, there is a distinction between the service of a pleading as occurred in *In Re David D.,* and referral and transmittal of an original complaint to an intake officer in a juvenile proceeding. The decision in *In Re David D., supra,* was bottomed upon the fact that one party had a right to rely upon the one day mailing presumption and that the State's Attorney would receive his notice of appeal within the proper time frame. In the instant appeal, there was no evidence of re-

liance by the appellant or State's Attorney that the Juvenile Service Administration would receive the referral of the complaint the day after it was mailed. Additionally, there was a date stamp on the letter indicating the precise day that it was in fact received. This tended to rebut the mailing presumption of Rule 306 (c). Therefore, under the circumstances we shall not impose obligations upon the intake officer to act until such time as the complaint is received. In this case the letter from the State's Attorney's Office was stamped as being received by that office on November 25, 1981. Thus, the obligations of the intake officer begain on that date.

There was testimony which, if believed, showed compliance with § 3-810 (b) and (d). John Walker of the Juvenile Services Administration testified that the agency file indicated that a preliminary inquiry was conducted within fifteen days after he received the complaint and that a further investigation was conducted and a final decision reached on December 18, 1981. This evidence was sufficient to show that the statute had been complied with, despite a failure of Mr. Walker to pinpoint the exact date that the inquiry was conducted. The twenty-five day time frame contemplated under § 3-810 (b) and (d) was satisfied when the intake officer referred the case back to the State's Attorney for the filing of a delinquency petition. The delinquency petition, having been filed on January 4, 1982, satisfied the requirements of § 3-812 (b) and the case properly proceeded to an adjudicatory hearing.

## II. *Sufficiency of the Evidence*

Relying upon *Thomas v. State,* 277 Md. 314, 353 A.2d 256 (1976) appellant contends that there was not sufficient evidence to support a finding that she drove *after* becoming intoxicated. Specifically, it is argued because she never actually was able to drive the car away after being stopped by the police and because the car was supposedly incapable of being driven, there was insufficient evidence to support the finding of delinquency.

Assuming *arguendo* that this Court may decide a claim based upon sufficiency of the evidence in a juvenile proceeding where no motion for a dismissal of the petition was made by defense counsel at trial, we find that the evidence was sufficient to support a finding of delinquency. Appellant was found delinquent based upon the first count of the delinquency petition, which charged that she violated § 21-902 (a) of the Transportation Article. That provision states that "a person may not drive or attempt to drive any vehicle while intoxicated." [1] The evidence in this case is clear that appellant was found by the police to be in a state of intoxication and that twice she placed the car into gear and attempted to drive away. This attempt to drive in the presence of the police officers was sufficient to sustain a finding that appellant had attempted to drive while intoxicated in violation of § 21-902 (a) of the Transportation Article. We view it of no consequence that the car was arguably incapable of being moved at the time. It is the intent of the driver which is controlling and the evidence supports an inference that the appellant intended to attempt to drive the automobile.

Appellant's reliance on *Thomas, supra,* is misplaced. In that case, the Court of Appeals found insufficient evidence to sustain a conviction under the former version of § 21-902 where there was no evidence that the defendant had driven or attempted to drive while his ability to drive was impaired by alcohol. In the instant case, however, there was positive testimony that appellant attempted to drive the car away. It

---

1. The first count of the juvenile petition recited that the appellant "Unlawfully, on the 12th day of November, 1981, in Frederick County, Maryland, *did drive, attempt to drive and was in actual physical control of a motor vehicle while intoxicated,* in violation of Transportation Article 21-902 (a) of the Annotated Code of Maryland." (emphasis supplied).

Arguably, the underlined portion of the charging document required the State to prove that appellant both drove and attempted to drive the motor vehicle. However, in light of the reference to the statute, which makes it an offense to drive *or* attempt to drive, any error in that regard would be harmless. The proof that appellant attempted to drive the automobile satisfied the charges contained in the petition.

is on that basis that we distinguish *Thomas.* The evidence was sufficient to support a finding of delinquency.

*Judgment affirmed; appellant to pay the costs.*