Wanda Lee CALAMESE *v.* STATE of Arkansas

CR 82-15                                    635 S.W.2d 261

Supreme Court of Arkansas
Opinion delivered June 28, 1982

*Vashti O. Varnado,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Appellant was charged with 22 counts of theft of property and 22 counts of first degree forgery by information filed on October 3, 1980. She was convicted in a jury trial on September 28, 1981, and sentenced to 26 years in the Department of Correction.

Appellant argues two points for reversal, neither of which has merit and, therefore, we affirm the judgment. Appellant first contends that the trial court erred in permitting her to represent herself at trial. The only support for her argument is a notation dictated by the trial judge several days after the trial, stating appellant had appeared without counsel on the morning of trial and asked to proceed pro se. But the record itself demonstrates the appellant did not represent herself and was not without the benefit of counsel. The proceedings with respect to appointment of defense counsel were erratic from the outset. Initially, Mr. Robert Lamb was appointed and he secured appellant's immediate release from custody on her own recognizance, conditioned on weekly deposits by the appellant to be applied to retained counsel. In November, appellant filed her first motion for a continuance and requested that other counsel be appointed. Her motion was granted and Mr. David Hodges was named to represent her. In February, Mr. Hodges was relieved and Mr. Lamb was substituted and on appellant's motion trial was continued to the next term of court. In May, appellant again moved for a continuance of the trial then scheduled for June 1, this time on the basis of her daughter's tonsilectomy

which conflicted with the trial date. This motion was either denied or not acted upon and on May 29 appellant renewed her motion, stating that she did not wish to proceed with Mr. Lamb as counsel but intended to obtain other counsel, unnamed, who would be out of the state until after the June 1 trial date. On the morning of trial a hearing was conducted in chambers and the court granted yet a third continuance in order for appellant to hire other counsel, which she stated she had the resources to do. Appellant assured the court she was not seeking to delay the progress of the case and understood the case would be set for trial during the September term.

On September 28, 1981, the case was called for a jury trial and appellant appeared without having retained counsel. At that point the trial judge appointed Messrs. Steven G. Howard and Stanley Montgomery to assist appellant. While they were ostensibly appointed merely to assist in trial, it is clear that Mr. Howard, who seems to have been appellant's lawyer in a similar case, immediately assumed a fully active role as trial attorney, conducting the entire interrogation, cross-examination, making objections to evidence and exhibits, presenting a defense with numerous exhibits and four defense witnesses, including lengthy testimony from the defendant and making a forceful closing argument, all of which was done with evident familiarity.

Appellant's defense was that she was an employee of the City of Diaz paid with CETA funds; that at times her CETA checks would not arrive and with the approval of the city clerk, Mrs. Jean Sullins, appellant would sign Mrs. Sullins' name to checks from the city for the amount of her salary, refunding the amount to the city when her CETA checks arrived; that she was at times instructed to sign Jean Sullins' name to checks, cash them and give the money to Mrs. Sullins, which she did. This explanation was directly disputed by Mrs. Sullins and our concern here is not with credibility but with the adequacy of appellant's defense. The record satisfies us that she had sufficient opportunity to present her case, and we note an absence of any argument that she was deprived of an adequate defense. In sum, she argues that though she asked to be allowed to represent

herself, the court erred in permitting her to do so, as the record fails to reflect a voluntary and intelligent waiver. It is true there is nothing in the record showing the trial court made any inquiry into appellant's attempted waiver of counsel, and if she had been permitted to act as her own counsel we would be hard-pressed to deny the argument, as the State has the burden of showing a voluntary and intelligent waiver of counsel. *Jackson* v. *State*, 249 Ark. 653, 460 S.W.2d 319 (1970), and *United States* v. *Dujanovic*, 486 F.2d 182 (1973). But we are unwilling to sustain the argument where the appellant was not left to represent herself, but was capably represented throughout the trial. Nowhere in the record does it appear that she was called on to represent herself or left unrepresented at any stage of the proceedings, trial or pretrial. Thus, the only conceivable impediment to the appellant is the fact that trial counsel were appointed for her on the morning of trial. However, no argument is offered on that score and in view of the repeated opportunities given her to employ her own counsel, which she had the means and disposition to do, we find no prejudicial error mandating another trial. The circumstances of each case must be examined in their entirety in determining whether a defendant has been adequately represented and on that basis we can reject appellant's argument. *Barnes* v. *State*, 258 Ark. 565, 528 S.W.2d 370 (1975); *Jackson* v. *State*, *supra*; *Johnson* v. *Zerbst*, 304 U.S. 458 (1938).

Appellant's second point is that she was unfairly prejudiced by the verdict forms used in her trial. We find no prejudice. Appellant was charged with 22 counts of theft of property, carrying a minimum sentence on each count of two years where the property exceeds $100.00 in value, and 22 counts of first degree forgery, which carries a minimum sentence of three years on each count. During trial, the State and the defense stipulated that instead of submitting the verdict forms to the jury on each of the 44 counts, only three verdict forms would be given the jury — one for felony theft of property, one for misdemeanor theft of property and one for first degree forgery, on the understanding that if the jury found appellant guilty of felony theft of property and first degree forgery she would enter a plea of guilty to one year on each remaining forgery charge, to be added to the sentence

recommended by the jury. Further, if the jury found her guilty on the misdemeanor charge only, then she would be sentenced to one year on each of four misdemeanor thefts.

The jury found appellant guilty on all three verdict forms submitted to it and fixed her punishment at two years on felony theft, three years on first degree forgery, and one year on misdemeanor theft, a total of six years. Thus, on the stipulation she was sentenced to one year on each of the remaining 21 forgery counts, for a total of 26 years, leaving one forgery charge unaccounted for.

We find no merit to appellant's argument that she was prejudiced by this stipulation, to which she and counsel agreed. The obvious fact is she benefited by it. By the stipulation the State agreed to a sentence of *only one year* on each remaining 21 forgery charges, which carried a minimum sentence of three years on each charge, thus benefiting appellant from that standpoint. Too, the stipulation must have included a dismissal of the 20 remaining charges of theft of property, giving her an additional advantage. Furthermore, if the jury convicted her only on misdemeanor theft it appears that under the stipulation she would have been sentenced only on the four misdemeanor charges, with all remaining forgery and felony theft charges dismissed. Clearly, the stipulation offered a more attractive option to appellant than that of submitting all 44 counts to the jury with instructions as to the minimum sentences of two and three years each and, hence, we find no prejudice in the stipulation.

Affirmed.

ADKISSON, C.J., and PURTLE, J., dissent.

RICHARD B. ADKISSON, Chief Justice, dissenting. On the first point argued I dissent because the record does not reflect that appellant knowingly waived her right to counsel as is required to be shown by the State. *See Carnley* v. *Cochran*, 369 U.S. 506 (1962); *Miranda* v. *Arizona*, 384 U.S. 436 (1966).

On the second point argued I dissent because the record

does not reflect that appellant knowingly and intelligently entered a plea of guilty to 21 forgery counts for which she was sentenced to one year each to be served consecutively. *See Boykin* v. *Alabama,* 395 U.S. 238 (1966); *North Carolina* v. *Alford,* 400 U.S. 25 (1970); *Deason* v. *State,* 263 Ark. 56, 562 S.W.2d 79 (1978); *Byler* v. *State,* 257 Ark. 15, 513 S.W.2d 801 (1974); A.R.Cr.P., Article VII, Pleas of Guilty and Nolo Contendere (Repl. 1977). The arrangement made for a plea of guilty to certain offenses conditioned on being found guilty of other certain offenses amounts to no more than a wager on the outcome of the jury verdict.

I am hereby authorized to state that PURTLE, J., joins in this dissent.