916 A.2d 399

**In re SHAWN P.**

**No. 1059, Sept. Term, 2006.**

Court of Special Appeals of Maryland.

Feb. 5, 2007.

Stacy McCormick (Brian L. Zavin, Nancy S. Forster, Public Defender, on brief), for appellant.

Celia Anderson Davis (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellee.

Panel DAVIS, EYLER, JAMES R. and WOODWARD, JJ.

DAVIS, J.

A juvenile petition was filed by the State against appellant, Shawn P., on April 24, 2006, alleging his involvement in a second-degree assault. Finding that appellant was involved in the assault as alleged, the Circuit Court for Washington County, sitting as a juvenile court, adjudicated him a delinquent and placed him on probation for an indefinite period of time. He appeals the court's adjudication and disposition, raising the following questions for our review:

1. Did the juvenile court err in finding that appellant waived his right to counsel when the court failed to comply with Maryland's juvenile right to counsel statute and Maryland Rule 11–106?

2. Was appellant deprived of his right to the effective assistance of counsel at his adjudication and disposition hearing?

For the reasons discussed below, we answer question 1 in the affirmative. We, therefore, vacate the delinquency finding and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 9, 2006, an individual along with a group of juveniles approached Andrew Dagenhart in the lobby of North High School and struck him in the face. Dagenhart, who was standing with two girls, responded by swinging back at the individual, whom he identified at trial as appellant. Dagenhart received stitches under his right eye at a local hospital several hours after the incident.

On April 24, 2006, the State filed a juvenile petition, alleging that appellant was delinquent as a result of his participation in the assault on Dagenhart. On May 1, 2006, appellant received a summons to attend a hearing on June 7, 2006, at 9:00 a.m. in the Circuit Court for Washington County. A hearing was held on June 7, 2006 to adjudicate whether appellant was delinquent. When appellant appeared without counsel at the hearing, the following exchange transpired:

THE COURT: [Appellant] is here for adjudication to determine whether he is delinquent as a result of participation in an assault upon [ ] Dagenhart on March 9, 2006. You do not have an attorney?

[Appellant]: No.

THE COURT: Do you wish to proceed without an attorney?

[Appellant]: (no response)

THE COURT: Do you wish to proceed without an attorney?

PUBLIC DEFENDER: Your Honor, Stephen Bergman, Assistant Public Defender. I'd ask for a continuance in this matter so we can get him an attorney.

THE COURT: Why?

PUBLIC DEFENDER: Because . . .

THE COURT: This has been scheduled for how long?

PUBLIC DEFENDER: Under the statute, Your Honor, he's entitled to an attorney.

THE COURT: Mr. Bergman . . .

PUBLIC DEFENDER: Yes, sir?

THE COURT: What did you do, Mr. [appellant], in talking to the office of the Public Defender about representation? Did you communicate with the Office of the Public Defender?

[Appellant]: No.

THE COURT: Why not?

[Appellant]: Because I . . .

THE COURT: Speak up.

[Appellant]: I didn't think I would need one.

THE COURT: So you took no steps?

[Appellant]: No.

THE COURT: When did you and your mother, when were you and your mother notified that you were to appear for this charge?

[Appellant]: Like the beginning of last . . .

THE COURT: About in April?

[Appellant]: Yeah.

THE COURT: April? So you've had since April to seek counsel? I will take that as a waiver of your right to counsel.

PUBLIC DEFENDER: Your Honor, my understanding of the Statute is that he can only waive counsel after consulting with counsel and making that decision on his own, and my understanding is that he does not wish to waive counsel, and so I would ask that this be continued, we'll waive sixty days, and allow him to seek counsel. Our office can represent him.

THE COURT: Request denied. *Have you talked to him at all?*

PUBLIC DEFENDER: *No, Your Honor, first time I knew he had a matter here was seeing him stand up here by himself.*

THE COURT: [Appellant], do you admit or deny that you participated in an assault?

PUBLIC DEFENDER: He denies, Your Honor.

THE COURT: Is the State ready?

STATE'S ATTORNEY: The State's ready, Your Honor. Is counsel, is the public defender's office entering its appearance now?

PUBLIC DEFENDER: I'll enter my appearance, Your Honor, and I'd ask permission to make an opening statement.

THE COURT: Yes, sir.

PUBLIC DEFENDER: Your Honor, Stephen Bergman, assistant public defender, on behalf of Shawn P. This young man seated to my left, *I just met Shawn, I actually walked into the courtroom, saw him standing up here unrepresented by counsel. The only reason I know he's charged with a second-degree assault is I'm looking down on the docket sheet, and I see second-degree assault. Haven't had a chance to talk to him about his case or interview him or do....*

STATE'S ATTORNEY: Objection. This isn't opening statement.

THE COURT: He's trying to make the record for somebody else, some place else, some other time and *is not being effective at all in the representation of this young man.*

Additional facts will be supplied as warranted.

## THE LAW

The basic right to counsel extends to juveniles in delinquency cases. Forty years ago, the Supreme Court recognized

that "[a] proceeding where the issue is whether the child will be found to be delinquent and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution." *In re Gault,* 387 U.S. 1, 36, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The Court concluded that "the Due Process Clause of the Fourteenth Amendment requires that in respect of proceedings to determine delinquency ... the child and his parents must be notified of the child's right to be represented by counsel...." *Id.* at 41, 87 S.Ct. 1428.

Chief Judge Orth, writing for this Court in *In re Appeal No. 544 September Term, 1974 from Circuit Court for Cecil County Sitting as a Juvenile Court,* 25 Md.App. 26, 30, 332 A.2d 680 (1975), emphasized the importance of counsel at an adjudicatory delinquency hearing:

In an adjudicatory delinquency hearing, unlike other juvenile hearings, the presence of the child may not be excluded by the court, even temporarily. Rule 908 b. "A party is entitled to representation by legal counsel at every stage of any proceeding under (the juvenile causes) subtitle." Courts Art. s 3–830(d). Rule 918 b, implementing this statute with respect to a child, provides: "Unless knowingly and intelligently waived, an indigent child shall be entitled to have counsel appointed by the court to represent him in a waiver, adjudicatory or disposition hearing ... if his parents are also indigent or unwilling to employ counsel." See Code, Art. 27A, title "Public Defender", ss 1 and 4. And we point out that in one aspect the burden on the petitioner in a delinquency adjudicatory hearing is even greater than the burden on the State in a criminal prosecution.

The Court of Appeals has held that substantial compliance with Maryland Rule 4–215(a)(1)–(5) is insufficient to be an effective waiver of counsel under 2–415(d). *Johnson v. State,* 355 Md. 420, 465, 735 A.2d 1003 (1999). The *Johnson* Court made clear that Md. Rule 4–215 establishes "a bright line rule that requires strict compliance" in order to find waiver. *Id.* at 452, 735 A.2d 1003. It stated:

This Court has on several occasions resisted attempts to relax the strictures of Md. Rule 4–215. We believe that any erosion of the rule's requirements would begin the dangerously slippery slope towards more exceptions. The right to assistance of counsel in criminal proceedings is a fundamental right; therefore, we indulge every reasonable presumption against waiver-whether such waiver is expressly made by the defendant or implied through his or her refusal or failure to obtain counsel. Maryland Rule 4–215 exists as a safeguard to the constitutional right to counsel, providing a precise "checklist" that a judge must complete before a defendant's waiver can be considered valid; as such, it mandates strict compliance.

*Id.* at 426, 735 A.2d 1003.

The right to counsel in juvenile proceedings is guaranteed by statute and rule. *See* Md.Code Ann., Cts. & Jud. Proc. Art., § 3–8A–20; [1] Md. Rule 11–106. Maryland Rule 11–106 provides in pertinent part that "[t]he respondent is entitled to be represented in all proceedings under this Title by counsel retained by him, his parent, or appointed pursuant to the provisions of subsection b 2 and 3 of this Rule." In regard to waiver of counsel, Rule 11–106(b)(1) provides:

1. *Waiver Procedure.* If, after the filing of a juvenile petition, a respondent or his parent indicates a desire or inclination to waive representation for himself, *before permitting the waiver the court shall determine, after appropriate questioning in open court and on the record,* that the party fully comprehends:

(i) the nature of the allegations and the proceedings, and the range of allowable dispositions;

(ii) that counsel may be of assistance in determining and presenting any defenses to the allegations of the juvenile petition, or other mitigating circumstances;

---

**1.** Unless otherwise indicated, the Court shall refer to Md.Code Ann., Cts. & Jud. Proc. Art. (2006 Repl.Vol.).

(iii) that the right to counsel in a delinquency case, a child in need of supervision case, or a case in which an adult is charged with a violation of Section 3–831 of the Courts Article includes the right to the prompt assignment of an attorney, without charge to the party if he is financially unable to obtain private counsel;

(iv) that even if the party intends not to contest the charge or proceeding, counsel may be of substantial assistance in developing and presenting material which could affect the disposition; and

(v) that among the party's rights at any hearing are the right to call witnesses in his behalf, the right to confront and cross-examine witnesses, the right to obtain witnesses by compulsory process, and the right to require proof of any charges. (emphasis added).

Md.Code Ann., Cts. & Jud. Proc. § 3–8A–20 provides in pertinent part:

(a) Except as provided in subsection (d) of this section, a party is entitled to the assistance of counsel at every stage of any proceeding under this subtitle.

(b)(1) Except as provided in paragraph (3) of this subsection, a child may not waive the right to the assistance of counsel in a proceeding under this subtitle.

(2) A parent, guardian, or custodian of a child may not waive the child's right to the assistance of counsel.

(3) After a petition or citation has been filed with the court under this subtitle, if a child indicates a desire to waive the right to the assistance of counsel, *the court may not accept the waiver unless:*

(i) *The child is in the presence of counsel and has consulted with counsel;* and

(ii) The court determines that *the waiver is knowing and voluntary.*

(4) In determining whether the waiver is knowing and voluntary, the court shall consider, *after appropriate questioning in open court and on the record,* whether the child fully comprehends:

(i) The nature of the allegations and the proceedings, and the range of allowable dispositions;

(ii) That counsel may be of assistance in determining and presenting any defenses to the allegations of the petition, or other mitigating circumstances;

(iii) That the right to the assistance of counsel in a delinquency case, or a child in need of supervision case, includes the right to the prompt assignment of an attorney, without charge to the child if the child is financially unable to obtain private counsel;

(iv) That even if the child intends not to contest the charge or proceeding, counsel may be of substantial assistance in developing and presenting material that could affect the disposition; and

(v) That among the child's rights at any hearing are the right to call witnesses on the child's behalf, the right to confront and cross-examine witnesses, the right to obtain witnesses by compulsory process, and the right to require proof of any charges.

Before the court can accept the waiver of counsel by a juvenile, it must satisfy each aspect of the rule. *In re Appeal No. 101,* 34 Md.App. 1, 7, 366 A.2d 392 (1976) (stating that anything less renders the waiver void as unknowingly and unintelligently given.) The record must reflect that a defendant is competent to waive the right to counsel and that the defendant did so knowingly and intelligently after being made aware of the advantages and disadvantages of representing him or herself. *Id.* (quoting *State v. Renshaw,* 276 Md. 259, 267–68, 347 A.2d 219 (1975)) (footnote omitted). Even if a defendant professes to waive counsel, where the defendant cannot or has ineffectively waived counsel, the court must take steps to ensure representation. *Id.*

In a case in which the court believed that it had made a finding of waiver by inaction because the juvenile appeared without an attorney and his mother lacked "any good reason" for having failed to obtain counsel, we held that the trial court must satisfy the directives of Rule 11–106(b). *In re Christo-*

*pher T.*, 129 Md.App. 28, 32, 36, 740 A.2d 69 (1999). The standard for waiver of counsel in a delinquency proceeding is necessarily as strict as the waiver standard that attaches in a criminal case. *Id.* at 36, 740 A.2d 69 (citing *In re Appeal 544*, 25 Md.App. 26, 40, 332 A.2d 680 (1975), holding it incongruous to have a less strict standard for a child versus an adult).

In *In re Christopher T.*, the juvenile said nothing with respect to whether he wanted an attorney. *Id.* at 40, 740 A.2d 69. Once the juvenile's mother realized the seriousness of the proceedings and requested an attorney, Rule 11–106(b) did "not specifically provide for waiver by inaction." *Id.* (contrasting Rule 4–215(d),[2] which expressly allows the circuit court to find inaction to be a waiver).

## DISCUSSION

### *Waiver of Counsel*

Citing our decision in *In re Christopher T.* for the proposition that "a waiver is ineffective if it is clear from the record that the court did not convey to the juvenile the information required under Maryland Rule 11–106," appellant contends that the circuit court erred in finding that he had waived his right to counsel by inaction. Appellant asserts that the court erroneously failed to (1) "seek to determine whether he was acting with full understanding of the proceedings and his

---

**2.** Md. Rule 4–215(d) provides:

Waiver by Inaction—Circuit Court. If a defendant appears in circuit court without counsel on the date set for hearing or trial, indicates a desire to have counsel, and the record shows compliance with section (a) of this Rule, either in a previous appearance in the circuit court or in an appearance in the District Court in a case in which the defendant demanded a jury trial, the court shall permit the defendant to explain the appearance without counsel. If the court finds that there is a meritorious reason for the defendant's appearance without counsel, the court shall continue the action to a later time and advise the defendant that if counsel does not enter an appearance by that time, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defendant has waived counsel by failing or refusing to obtain counsel and may proceed with the hearing or trial.

rights"; (2) "ask in open court and on the record whether he comprehended the nature of the allegations or proceeding"; (3) "advise him that counsel may be of assistance, and that he had a right to the prompt assignment of an attorney, without charge to the party if he is financially unable to obtain private counsel"; (4) "that counsel may be of substantial assistance"; and (5) "that he had the right to confront and cross-examine witnesses." Asseverating that the court, in effect, decided to waive appellant's right to counsel for him, he quotes the court's statement that "You've had since April to seek counsel" as the sole basis of the determination that he had waived his right to counsel by inaction.[3]

The State responds, conceding that appellant "is correct in his contention that the juvenile court did not follow the steps set forth in the applicable Maryland statute and rule before finding that appellant had waived his right to counsel." The State nonetheless insists that, "under the circumstances of this case in which counsel entered an appearance immediately and represented appellant at the adjudicatory hearing, appellant was not deprived of his right to counsel." The State also mentions, in its brief, that the summons appellant received on May 1, 2006 contained notification that "You may, if you wish, retain a lawyer, if you cannot afford a lawyer, contact the office of the public defender." The State further points out that the summons, in all capitals, advises, "A POSTPONE-MENT WILL NOT BE GRANTED BECAUSE YOU FAIL TO CONTACT A LAWYER," that appellant did not respond when the court asked him if he wished to proceed without an attorney and that appellant acknowledged that he had known about the hearing date, since April 2006, approximately six weeks earlier.[4]

---

**3.** Although we do not take issue with the court's suggestion that appellant and his mother could have exercised greater diligence in obtaining counsel, we note that the adjudicatory hearing was initially scheduled for June 7, 2006, and that there had, therefore, been no postponements in the proceedings.

**4.** Aside from mentioning that appellant was forewarned by the admonishment on the summons that no postponement would be granted

The thrust of the State's position on appeal is that, unlike the circumstances in *In re Christopher T.*, the court's error did not deprive appellant of the right to counsel. Because a public defender, who fortuitously happened to be present in the courtroom, undertook appellant's representation, any error, argues the State, "in connection with the waiver of counsel proceedings became moot." In essence, according to the State's argument, appellant obtained counsel—however inadvertently—and thus, the issue is rendered moot because, having been represented by counsel, there is no longer any controversy since he can no longer be deemed to have waived counsel.

"A question is moot if, at the time it is before the court, there is no longer an existing controversy between the parties, so that there is no longer any effective remedy which the court can provide." *In re Special Investigation No. 281,* 299 Md. 181, 190, 473 A.2d 1 (1984) (citing *Attorney General v. Anne Arundel Co. School Bus,* 286 Md. 324, 327, 407 A.2d 749). "A court may decide a moot question where there is an imperative and manifest urgency to establish a rule of future conduct in matters of important public concern, which may frequently recur, and which, because of inherent time constraints, may not be able to be afforded complete appellate review." *In re Special Investigation,* 299 Md. at 190, 473 A.2d 1; *Attorney General,* 286 Md. at 328, 407 A.2d 749.

Prior to the point in the proceedings when the public defender entered his appearance, the court made a factual finding that appellant had waived his right to counsel by inaction. The State, in its brief and at oral argument before the panel of this Court, insists that the critical stage of the proceedings was the act of the public defender in entering his

---

because of the failure to contact a lawyer, the State, having conceded that the court's determination of waiver of counsel by inaction did not comport with § 3–8A–20 of the Cts. & Jud. Proc. Article and Rule 11–106, does not pursue on appeal any suggestion that the notification on the summons satisfies the statutory and rule requirements.

appearance in the case.[5]

Appellant responds that the public defender entered his appearance on his behalf "as an act of desperation and made it clear that he was not prepared to represent appellant." Significantly and concomitant with appellant's characterization of counsel's act as one of "desperation," it should be noted that he only entered his appearance after all other entreaties, including references to the statute and a request for postponement had fallen on deaf ears.

Not only did counsel vehemently protest to the court that, appellant could "only waive counsel after consulting with counsel and making that decision on his own," under the statute, and that it was his understanding that appellant "did not wish to waive counsel," he further made clear to the court that he had just had his first contact with appellant and only knew with what he had been charged as a result of looking down on the docket sheet. In light of the fact of counsel's purported representation after the finding of waiver by inaction, our review must devolve upon the question of the effectiveness of that representation and the circumstances attendant to counsel's retention. Before proceeding to an assessment of counsel's effectiveness, we would be remiss were we not to be clear that, as we see it, there was a failure to comply with the statute, as the State concedes, and there is a nexus, in the circumstances of this case, between that failure and the effectiveness of the representation provided by the public defender.

---

**5.** At oral argument before this Court, the State maintained that appellant would have been better served by the Office of the Public Defender had the assistant declined to enter his appearance, thereby preserving the issue of the court's failure to follow the dictates regarding waiver of counsel. We not only reject any such notion, but we commend the assistant public defender for attempting to perform his sworn duty as a public official and ultimately contending with the suggestion that he failed to render effectively assistance to appellant. In assuming the role of Good Samaritan, he has personified the adage, "No good deed goes unpunished." We trust that there will be no negative collateral consequences flowing from the attempt of the public defender properly to discharge his duties.

The statute provides that there be appropriate questioning in open court, on the record. That questioning must elicit that the child fully comprehends the nature of the allegations and the proceedings and the range of allowable dispositions, that counsel may be of assistance in determining and presenting any defenses to the allegations of the petition, or other mitigating circumstances. Even if the juvenile intends not to contest the charge or proceeding, in must be explained to him that counsel may be of substantial assistance in developing and presenting material that could affect the disposition and that, among the child's rights at any hearing are the right to call witnesses on the child's behalf, the right to confront and cross-examine witnesses, the right to obtain witnesses by compulsory process and the right to require proof of any charges. In the fleeting moments between the time that counsel made appellant's acquaintance and the adjudicatory hearing commenced, the record clearly reflects that no conference took place where any of the above matters could have been discussed, nor were they explained on the record. Notwithstanding that respondent, having been found to have waived his right to counsel consequently compelled to proceed unrepresented, subsequently had the services of the public defender, he was denied all of the above enumerated rights, particularly the right to the right to call witnesses on his behalf and to obtain witnesses by compulsory process.

Although our analysis proceeds on the assumption that respondent was, in fact, represented, the Court of Appeals of Arkansas, Division II, in *Hawkins v. State,* 88 Ark.App. 196, 200, 196 S.W.3d 517, 520 (2004), opined:

We must determine whether the assistance of standby counsel was so substantial that the defendant *is deemed to have had counsel for his defense, thereby mooting any assertion of involuntary waiver. See Calamese v. State,* 276 Ark. 422, 635 S.W.2d 261 (1982). Whether or not such assistance rises to that level is a question that must be answered by looking at the totality of the circumstances. *See Wicoff v. State,* 321 Ark. 97, 900 S.W.2d 187 (1995). Before an assertion of involuntary waiver is considered, the

totality of the circumstances must demonstrate that the assistance was such that standby counsel was effectively conducting the defense.

An attorney "sitting with" the defendant did not satisfy the Sixth Amendment right to counsel where counsel participated in the trial, but was not given adequate time to prepare a defense. *Houston v. State*, 205 Ga.App. 703, 423 S.E.2d 431, 432 (1992) (holding the trial court erred even where the record showed that the attorney actively questioned both State and defense witnesses because he clearly had no time to prepare a defense).

As will be discussed in detail, *infra*, the effectiveness and unreasonableness of counsel's performance may be determined or substantially influenced by his client's own statements and actions. Informed strategic choices by counsel based on information supplied by the defendant and, in particular, decisions as to what investigative strategies will bear fruit depend on information uniquely within the knowledge of the client. Where, as in the case at hand, there has been absolutely no communication between counsel and appellant, and counsel has been denied an opportunity for even a brief consultation with appellant, it can hardly be said that appellant had effective assistance of counsel.

### Effective Assistance of Counsel

Proceeding under the assumption that appellant was represented by counsel—albeit, not having obtained counsel under optimum circumstances, we shall address whether he was denied the effective assistance of counsel. At the outset, the issue will not detain us long.

The well-settled principles regarding what constitutes ineffective assistance of counsel are set out in the seminal case of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), where the Supreme Court said:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must

show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

More pertinent to the discussion in the case at hand, the Court observed:

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. *Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information.* For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions. *See United States v. Decoster, supra,* at 372–373, 624 F.2d, at 209–210.

*Id.* at 691, 104 S.Ct. at 2066 (1984).

Preliminarily, we agree with appellant that we may review the effectiveness of the assistance of counsel in the case at hand, unlike the usual case, in which testimony and evi-

dence may reveal trial strategy and tactics, as well as other matters bearing on whether counsel has provided effective assistance. Indeed, the critical facts are not in dispute and the record is sufficiently developed to permit a fair evaluation of the claim, there is no need for a collateral fact-finding proceeding, and review on direct appeal is appropriate and desirable. *In Re Parris W.*, 363 Md. 717, 726, 770 A.2d 202 (2001).

In maintaining that the record demonstrates that appellant was denied effective assistance of counsel, he invites our attention to the following:

1. He had never met or conversed with the public defender before; on the record, counsel said, "I haven't had a chance to talk to him about his case or interview him."

2. Counsel had no knowledge of the charges or facts of the case.

3. The court acknowledged, "He is trying to make the record for somebody else, some place else, some other time, and *is not being effective at all in the representation of this young man.*"

4. Counsel's cross-examination of the victim was perfunctory, at best.

5. Counsel failed to call witnesses or present any defense.

The State retorts that the case involved "a single criminal count stemming from one act based on the testimony and one witness." Counsel conducted cross-examination of the sole witness, properly advised appellant, he has not alleged or demonstrated that there were other witnesses available or that he had a defense and, says the State, he has "failed to show that any additional preparation ahead of time or any additional action could have led to a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. 2052.

In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of

counsel altogether is legally presumed to result in prejudice. *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984). The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial. *Chapman v. California,* 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (recognizing that violation of right to counsel can never be harmless error); *White v. Maryland,* 373 U.S. 59, 60, 83 S.Ct. 1050, 1051, 10 L.Ed.2d 193 (1963) (vacating conviction, without regard to showing of prejudice because defendant did not have counsel at preliminary hearing).

The question of the adequacy of time necessary to prepare for trial depends on the facts of each case. *State v. Hardy,* 2 Md.App. 150, 157, 233 A.2d 365 (1967); Cf. *Pressley v. State,* 220 Md. 558, 155 A.2d 494 (1959) (where counsel appointed on the day of trial was adequately prepared because counsel was familiar with the case from representation of the co-defendant.) *See also Franklin v. Warden,* 235 Md. 619, 201 A.2d 16 (1964) (holding that the allowance of only ten minutes to prepare a defense was held not to be adequate time for court appointed counsel to properly prepare a defense.)

In the case *sub judice,* the assistant public defender coincidentally was in court at the same time as an unrepresented defendant. He made his best effort to persuade the trial judge to postpone the matter to avoid violating the provisions of Rule 11–106 and § 3–8A–20 of the Courts and Judicial Procedure Article. He then implored the court to postpone the case in order that a proper defense might be prepared. The court refused the requests and counsel was left with the Hobson's choice of either not entering his appearance and leaving appellant with no representation or proceeding to trial unprepared. Not only did counsel have inadequate time to prepare a proper defense, he was afforded absolutely *no* time to familiarize himself with the facts of the case.

Under *Strickland,* a measure of whether counsel has explored all available avenues to insure an effective defense is an

588

inquiry into counsel's conversations with the appellant. Here, appellant was forced to proceed without any opportunity for consultation regarding his options or the implications of an adjudication of delinquency, a fact that obviously was known to the trial judge. Under the totality of the circumstances, we hold that the trial judge, having found that appellant, appearing before the court for the first time, had waived his right to counsel by inaction and then, having permitted the public defender to enter his appearance at appellant's adjudicatory hearing, abused his discretion by denying counsel's request for a continuance or, in the alternative and at the very least, by refusing to afford counsel an opportunity to confer with appellant.

**JUDGMENT OF THE CIRCUIT COURT FOR WASHINGTON COUNTY VACATED. CASE REMANDED FOR FURTHER PROCEEDINGS.**

**COSTS TO BE PAID BY WASHINGTON COUNTY.**