Graeff, J.
I concur in the judgment only. I write separately because, although I agree that appellant should not have been required to proceed to trial without first having the opportunity to speak with his attorney, I do not agree with the conclusion by the Majority that the circuit court abused its discretion in finding that appellant had no meritorious reason to discharge counsel.
As the Majority points out, Rule 4-215 does not define “meritorious.” And although the Court of Appeals has equated the term with “good cause,” see Dykes v. State, 444 Md. 642, 652, 121 A.3d 113 (2015), there has been limited guidance regarding what constitutes “good cause” to discharge counsel.
Other courts using a “good cause” standard in this context, however, have been more specific. Scenarios deemed to eonsti- *140 tute “good cause” to replace counsel include “a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which [could] lead ... to an apparently unjust verdict.’ ” McKee v. Harris, 649 F.2d 927, 931 (2d Cir. 1981) (quoting United States v. Calabro, 467 F.2d 973, 986 (1972)), cert. denied, 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982). Accord United States v. Lott, 310 F.3d 1231, 1249 (10th Cir. 2002); State in Interest of J.F., 317 P.3d 964, 967 (Utah Ct. App. 2013); 3 Lafave et al., Criminal Procedure § 11.4(b) (4th ed. 2007) (and cases cited therein). These scenarios represent situations in which a defendant reasonably could believe that an attorney would not competently represent him or her.
Here, there was no allegation of a conflict of interest. And although there were indications of “acrimony” between appellant and Mr. Gordon, there was no allegation that it rose to the level of an “irreconcilable conflict.”[7] The specific allegation here involved a “breakdown of communication.” The issue before us is whether there was a “breakdown of communication” of such magnitude that it was an abuse of discretion for the circuit court to deny the motion to discharge counsel.
In determining whether a court abused its discretion in denying a request to discharge counsel due to a breakdown of communication, courts have looked to several factors. The United States Court of Appeals for the Fourth Circuit lists the following factors as relevant: (1) the timeliness of the request; (2) the adequacy of the court’s inquiry into appellant’s complaint about counsel; and (3) whether appellant and his or her “ ‘counsel experienced a total lack of communication preventing an adequate defense.’ ” United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004) (quoting United States v. Mullen, 32 F.3d 891, 895 (4th Cir.1994)). The Tenth Circuit applies these *141 factors, as well as a fourth factor: “[W]hether the defendant substantially and unreasonably contributed to the communication breakdown.” Lott, 310 F.3d at 1250. I agree that these factors are relevant to the analysis whether the court abused its discretion in finding good cause to discharge counsel based on a lack of communication.
Here, application of these factors leads to the conclusion that the circuit court did not abuse its discretion in denying appellant’s motions to discharge counsel. The requests to discharge counsel at issue here were made on the date set for trial, after the case already had been postponed three times for appellant to retain counsel. And there is no dispute here that the court conducted an adequate inquiry into appellant’s complaint regarding counsel. The first two factors weigh against a finding that the court abused its discretion in denying appellant’s motion to discharge counsel.
We thus turn to the third factor, whether appellant and his appointed counsel experienced a “total lack of communication preventing an adequate defense.” Defense counsel advised the circuit court that, although he had not had an opportunity to speak with appellant about this specific case, there had been “global discussions” between them about similar robbery charges pending against appellant.[8] The prosecutor stated that he had discussed the case with defense counsel, and defense counsel stated that he was “familiar with” the case and prepared to try the case. Although he requested that the court conduct motions that day and not start the trial until the next day, giving him the opportunity to discuss the specifics of this case with appellant, defense counsel made clear his belief that his lack of communication with appellant, up until that time, did not prevent him from communicating with appellant going forward or from being able to give appellant an adequate defense. Cf. People v. Gibson, 6 N.Y.S.3d 198, 199, 126 A.D.3d 1300 (2015) (“Although the mere complaint by a defendant *142 that communications have broken down between him and his lawyer is not, by itself, good cause for a change in counsel,” substitution is proper “where a complete breakdown has been established”; in that case “both defendant and defense counsel agreed that they were unable to communicate.”). See also Mullen, 32 F.3d at 897 (discharge appropriate where counsel and the defendant would not be able to communicate effectively during trial, “making an adequate defense unlikely”).[9] Thus, there was not a showing of a “breakdown of communication” that prevented defense counsel, going forward, from adequately defending appellant.
Finally, with respect to the fourth factor, courts have held that a defendant is not entitled to substitute counsel where he or she is the cause of the communication breakdown. For example, in United States v. DeTemple, 162 F.3d 279, 289 (4th Cir. 1998), cert. denied, 526 U.S. 1137, 119 S.Ct. 1793, 143 L.Ed.2d 1020 (1999), the court upheld the denial of the defendant’s request for substitute counsel, noting that the defendant’s “own conduct caused the initial lack of communication,” and stating that a “court can properly refuse a request for substitution of counsel when the defendant’s own behavior creates the problem.” See also State in Interest of J.F., 317 P.3d at 968 (“Mother’s decision to avoid communicating and cooperating with Counsel was ... Mother’s choice to avoid Counsel [and it] did not ‘establish[] that a complete breakdown of communication existed.’ ”); Sekou v. Warden, State Prison, 216 Conn. 678, 583 A.2d 1277, 1282 (1990) (“Although under some circumstances a complete breakdown in communication between a defendant and his counsel may warrant appointment of new counsel[,] a defendant is not entitled to demand a reassignment of counsel simply on the basis of a *143 ‘breakdown in communication’ which he himself induced.”) (citations and quotation marks omitted).
Here, the record reflects that appellant was at least partially responsible for the lack of communication with defense counsel. At the December 8, 2014, hearing, defense counsel told the court that he had tried to discuss with appellant his intention to ask the court for a postponement, but if his request was denied, they would go to trial on the simplest of the robbery cases. Counsel noted that appellant, who wanted private counsel to represent him, responded by “screaming at” defense counsel, so counsel “just sort of terminated the conversation.” Similarly, in June 2015, on the morning of trial, defense counsel advised the court that he had gone to see appellant in “lockup,” but appellant again refused to talk to counsel, stating: “You’re not my attorney.” These facts support the conclusion that there was not an inability to communicate or a “breakdown of communication,” but rather, an unwillingness by appellant to communicate with defense counsel because he wanted to retain private counsel.
In sum, there was no showing that there was an inability to communicate that would interfere with defense counsel’s ability to represent appellant. Instead, the record showed a lack of sufficient communication up to that point, which was caused, in part, by appellant’s conduct. Given that scenario, and that the request was made the day of trial, after three postponements for appellant to obtain counsel, I would hold that the circuit court did not abuse its discretion in denying appellant’s motion to discharge counsel.
I do agree, however, that appellant should have had the opportunity to consult his attorney prior to the start of trial. In that regard, In re Shawn P., 172 Md.App. 569, 916 A.2d 399 (2007), is instructive. In that case, a public defender agreed to enter an appearance and represent a defendant who appeared with no attorney. Id. at 572, 916 A.2d 399. The public defender asked for a continuance, which the court denied. Id. at 574, 916 A.2d 399. This Court held that the trial judge “abused his discretion by denying counsel’s request for a continuance or, *144 in the alternative and at the very least, by refusing to afford counsel an opportunity to confer with appellant.” Id. at 588, 916 A.2d 399.
Here, defense counsel advised the court that he was prepared to represent appellant, but he requested that trial not start until the next day, after he had an opportunity to confer with appellant. Rather than grant that request, or give defense counsel some time to speak with appellant, the court denied the motion and proceeded with jury selection. See State v. Hardy, 415 Md. 612, 627, 4 A.3d 908 (2010) (characterizing voir dire as a “meaningful trial proceeding”). In proceeding to trial, without first giving appellant a chance to speak with his attorney about the case, the circuit court abused its discretion. Accordingly, I agree that appellant is entitled to a new trial.

. "Attorney-client conflicts justify the grant of a substitution motion only when counsel and defendant are so at odds as to prevent presentation of an adequate defense. The general loss of confidence or trust alone is not sufficient to substitute new counsel.” State v. Stenson, 132 Wash.2d 668, 940 P.2d 1239, 1272 (1997) (en banc), cert. denied, 523 U.S. 1008, 118 S.Ct. 1193, 140 L.Ed.2d 323 (1998).

. The prosecutor referred to multiple robberies as “similar schemes,” in which appellant "and a co-defendant ... made off” with merchandise. Defense counsel also stated that the cases were "all very similar.”

. Here, as noted by the Majority, appellant and defense counsel appeared to communicate during the trial, with defense counsel actively participating in the proceedings, despite appellant’s decision to discharge him as counsel. See United States v. DeTemple, 162 F.3d 279, 288-89 (4th Cir. 1998) (A "total lack of communication simply does not exist where the attorney and the client communicate significantly during trial.”), cert. denied, 526 U.S. 1137, 119 S.Ct. 1793, 143 L.Ed.2d 1020 (1999).